CUNNINGHAM DRUG STORES, INC., v. COMMISSIONER
OF REVENUE.

1. MANDAMUS—STATE OFFICER—SALES TAX—CIGARETTE TAX.

    Mandamus in Supreme Court against State commissioner of
    revenue was proper means of determining whether or not
    plaintiff was liable for sales tax on the cigarette tax (Act
    No. 167, Pub. Acts 1933, as amended; Act No. 265, Pub. Acts
    1947).

2. LICENSES—CIGARETTES—CHAIN STORE OPERATORS—WHOLESALER.

    Chain store operator, retailing cigarettes to consumers, which
    purchased all of its cigarettes from manufacturers was prop-
    erly classified as a "wholesaler" under the cigarette tax act
    (Act No. 265, § 1 [4], Pub. Acts 1947).

3. SAME—CIGARETTES—CHAIN STORE OPERATORS—UNCLASSIFIED AC-
QUIRER.

    Chain store operator, retailing cigarettes to consumers, which
    purchased all of its cigarettes from unlicensed manufacturers
    was an "unclassified acquirer" under the cigarette tax act
    (Act No. 265, § 1 [6], Pub. Acts 1947).

4. SAME—CIGARETTE TAX ACT—LICENSES FOR PERSONS ACTING IN
MORE THAN ONE CAPACITY.

    Under the cigarette tax law, a person engaged in acting in more
    than one capacity must be licensed for each capacity in which
    he acts (Act No. 265, § 3, Pub. Acts 1947).

5. TAXATION—SALES—OTHER TAXES ATTACHING WHEN SALE IS
MADE.

    The sales tax cannot be exacted on that part of the sales price
    which represents another tax which first attaches the moment
    a sale is made (Act No. 167, Pub. Acts 1933, as amended).

6. SAME—CIGARETTE TAX—SALES TAX.

    Chain store operator which was both a "wholesaler" and an
    "unclassified acquirer," as defined in cigarette tax law, was
    liable in latter capacity for sales tax upon that part of the
    sales price represented by the cigarette tax since such tax

attached prior to sale thereof (Act No. 167, Pub. Acts 1933, as amended; Act No. 267, Pub. Acts 1947).

7. SAME—CIGARETTE TAX—WHOLESALERS—UNCLASSIFIED ACQUIRERS —SALES.

Fact that a licensee as a wholesaler under the cigarette tax act may compute his tax on the basis of. number of cigarettes sold does not, of itself, make the tax one upon sales, when, as an unclassified acquirer, he is obliged to pay the tax on the number of cigarettes imported or acquired (Act No. 167, Pub. Acts 1933, as amended; Act No. 265, § 1 [4], [6], §§ 3, 7, Pub. Acts 1947).

8. SAME—CIGARETTE TAX—UNCLASSIFIED ACQUIRER.

A chain store operator which is licensed as both a wholesaler and as an unclassified acquirer under the cigarette tax act must include the amount which it must pay under that act in the gross proceeds of its sales of cigarettes for the purpose of computing the amount of tax payable under the general sales tax act where cigarette tax law does not appear to evidence an intent on part of legislature to exempt chain store operators from sales tax on such part of the sales price (Act No. 167, Pub. Acts 1933, as amended; Act No. 265, § 1 [4], [6], §§ 3, 7, Pub. Acts 1947).

9. MANDAMUS—QUESTIONS REVIEWABLE—CONSTRUCTION OF TAX LAWS.

In mandamus proceeding involving construction of acts imposing general sales taxes and cigarette taxes, Supreme Court does not consider propriety,. or lack of it, in construction of other tax acts not shown to have been even remotely related to the cigarette tax act (Act No. 167, Pub. Acts 1933, as amended; Act No. 265, Pub. Acts 1947).

10. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—TAXATION.

No costs are allowed in mandamus proceeding involving the construction of two tax acts, a public question being involved (Act No. 167, Pub. Acts 1933, as amended; Act No. 265, Pub. Acts 1947).

Petition by Cunningham Drug Stores, Inc., a Michigan corporation, for writ of mandamus to compel the Commissioner of Revenue of the. State of Michigan to compute the sales tax payable on sales made by plaintiff without including in gross

proceeds the cigarette tax payable under Act No. 265, Pub. Acts 1947. Submitted October 7, 1947. (Calendar No. 43,870.) Writ denied December 3, 1947.

*Butzel, Eaman, Long, Gust & Kennedy* (*Charles A. Wagner,* of counsel), for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Peter E. Bradt,* Deputy Attorney General, and *R. Glen Dunn* and *Maurice M. Moule,* Assistants Attorney General, for defendant.

BUTZEL, J. Cunningham Drug Stores, Inc., a Michigan corporation, plaintiff, operates a large chain of retail stores, more than 95 of which are in Michigan. It sells at retail large quantities of cigarettes, all of which it purchases from nonresident manufacturers.

Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935, Acts Nos. 123 and 313, Pub. Acts 1939; Acts Nos. 59 and 249, Pub. Acts 1941; Act No. 29, Pub. Acts 1943; and Act No. 259, Pub. Acts 1945 (Comp. Laws Supp. 1940, 1945, § 3663–1 *et seq.,* Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 7.521, *et seq.*), referred to herein as the "general sales tax act," imposes a tax upon the privilege of engaging in the business of selling tangible personal property at retail within the State of Michigan, which tax is measured by the gross proceeds of such retail sales, less deductions allowed by statute.

Act No. 265, Pub. Acts 1947, referred to herein as the "cigarette tax act," imposes an excise and specific tax upon the sale and distribution of cigarettes in this State and provides for the regulation and licensing of persons engaging in the cigarette business.

The main question presented to us is whether or not the State may properly exact a tax under the general sales tax act on the 1½ mills per cigarette, or 3 cents a package, plaintiff is obliged to pay as provided under the cigarette tax act. If plaintiff is correct, it, and any others in the same position, will enjoy a very large advantage and preference over other dealers in cigarettes. Plaintiff claims that as all in its class will enjoy equal rights, there is no discrimination or lack of uniformity under the rules laid down in *Shivel* v. *Kent County Treasurer*, 295 Mich. 10, and the many cases cited therein. Plaintiff is fully within its rights in seeking a judicial determination of the question by petition for mandamus in this Court.

We set forth brief excerpts from the cigarette tax act.

"Sec. 1.    *    *    *    (4) '*Wholesaler*' *shall mean and include* any person who purchases directly from the manufacturer at least 75 per cent. of all cigarettes purchased by him and who sells at least 75 per cent. of all cigarettes purchased by him to others for resale, and any other person who purchases from a manufacturer or person so purchasing and selling and licensed as a wholesaler, provided such other person maintains an established place of business where substantially all of the business is the sale of cigarettes and related merchandise at wholesale to persons licensed under this act and where at all times a substantial stock of cigarettes and related merchandise is available to all retailers for resale; and *any chain of stores retailing cigarettes to the consumer, provided 75 per cent. of its purchases are made direct from the manufacturer.*"

Under the italicized portion of this definition, plaintiff may be classified as a "wholesaler" under

the act, being an operator of a chain of stores re-
tailing cigarettes to the consumer, all of which
cigarettes are purchased direct from manufac-
turers.

Section 1 (6) defines "unclassified acquirer" as
follows:

" 'Unclassified acquirer' shall mean and include
any person, other than a transportation company or
other than a purchaser at retail from a licensed re-
tailer, who imports or acquires cigarettes from any
one other than a licensed manufacturer, a licensed
wholesaler or a licensed vending machine operator."

Under this definition, plaintiff is also an "unclas-
sified acquirer," because all of its purchases of
cigarettes are made from *unlicensed* manufac-
turers.

Section 3 of the act provides that all persons en-
gaged in the cigarette business must obtain a li-
cense and sets forth the manner of securing it. It
further provides:

"If a manufacturer, wholesaler, secondary whole-
saler, vending machine operator or unclassified ac-
quirer acts in more than one of said capacities at
any one place of business he shall procure a license
for each capacity in which he acts."

Section 3 also fixes the fees for licenses as fol-
lows: "a wholesaler's license, $100.00;  *  *  *
an unclassified acquirer's license, a sum determined
by the department, but not to exceed $150.00."

We believe it is significant that the act thus dis-
tinctly provides that one may act in more than one
capacity, in which case he must be licensed for each
capacity in which he acts, and that the act author-
izes the department to fix the license fee of an un-
classified acquirer, limited only as to the maximum.
The department may charge a nominal fee for such

a license to prevent hardship to such unclassified acquirer.

Section 7 of the act provides:

"Every licensee under section 3, other than an unclassified acquirer or a retailer, shall, on or before the 20th day of each calendar month, file with the department, on a form prescribed by it, a return under the penalties of perjury for each place of business maintained, stating the number of cigarettes purchased or sold by such licensee in the State during the preceding calendar month and such return shall contain or be accompanied by such further information as the department shall require. * * * Such licensee shall, at the time of filing such return, pay to the department an excise equal to 1½ mills for each cigarette so sold during the calendar month covered by the return: * * *. Provided, That nothing in this act shall be deemed to prohibit any licensee from paying the excise tax imposed by this act upon the importation or acquisition of cigarettes and the department shall prescribe the form for such computation and payment of tax: Provided, That cigarettes with respect to which the excise under this act has once been imposed and has not been refunded if paid, shall not be subject upon a subsequent sale to the excise imposed by this act. Each unclassified acquirer shall, upon importation or acquisition of cigarettes into or within this State, file with the department a return under penalties of perjury, on a form to be furnished by the department, stating the number of cigarettes imported or acquired and such other information as the department shall require, and shall, at the time of filing such return, pay to the department an excise equal to 1½ mills for each cigarette so imported or acquired and held for sale or consumption, and cigarettes with respect to which such excise has been imposed and has not been refunded if paid, shall not be subject, when

substantially [subsequently] sold, to any further excise under this act."

Plaintiff contends that it is a wholesaler under section 1 (4), *supra;* that under section 7, *supra,* he must pay a tax based upon the number of cigarettes sold each month; and that, therefore, the cigarette tax attaches at the moment of sale by him to the consumer. He urges that our decision in *Standard Oil Co.* v. *State of Michigan,* 283 Mich. 85, is controlling. In that case we held that the sales tax could not be exacted on that part of the sales price which represents another tax which first attaches the moment a sale is made.

Plaintiff denies that it is an unclassified acquirer, which, under section 7, *supra,* must "at the time of filing such return, pay to the department an excise equal to 1½ mills for each cigarette so imported or acquired and held for sale or consumption."

The controversy is mainly over the question of whether the plaintiff is a "wholesaler" or an "unclassified acquirer," or both. Under the provisions of the law he is a wholesaler and also an unclassified acquirer, and in the latter capacity obligated to pay the entire tax on the filing of the return. The tax is an excise, or privilege tax. The law not only provides for license fees, but also for an excise or privilege fee to engage in the cigarette business. This is based on the number of cigarettes imported or acquired by an unclassified acquirer, or upon the number sold, imported or acquired by a wholesaler. A wholesaler's monthly return may under section 7 state the number of cigarettes *"purchased or sold"* and his tax may be computed either on the basis of number of cigarettes sold or on the basis of number of cigarettes imported or acquired. The fact that the licensee may, if he wishes, compute his tax on

the basis of number of cigarettes sold does not, of itself, make the tax one upon sales, when he is obliged to pay the tax as an unclassified acquirer on the number of cigarettes imported or acquired. The act further provides in section 7 that if the excise tax is once exacted and not refunded, if paid, the cigarettes shall not be subject to any subsequent imposition of the excise tax.

We find nothing in the act to indicate that the legislature intended to exempt chain stores such as plaintiff from payment of the sales tax on that part of the sales price which represents the privilege fee they must pay for the right to engage in the business of dealing in cigarettes. While the act could have been more clearly worded so as not to invite the objections made by plaintiff, a careful examination convinces us that plaintiff is obliged to include the excise tax which it must pay under the cigarette tax act in the gross proceeds of its sales of cigarettes for the purpose of computing the amount of tax payable under the general sales tax act.

Plaintiff contends that the defendant has construed other excise tax acts which it administers, affecting different commodities, in a manner inconsistent with its position with respect to the cigarette tax act. In those cases, no sales tax has been exacted on that part of the sales price of the commodity which represents the excise tax. The defendant states that as to one of the commodities, it has been in error, and the sales tax should have been exacted upon the entire sales price, including the excise tax or privilege fee theretofore paid, and that its failure to do so was because it did not have benefit of counsel. As to the other commodity, defendant contends its construction of the tax act was correct. Plaintiff does not show that the other tax

acts are even remotely related to the cigarette tax act, nor that the other tax acts have been construed by this Court in any manner to support plaintiff's position. We shall not discuss questions which are not before us, nor is the perpetuation of an error, if there was one, any reason for us to come to a different result in the case at bar.

Plaintiff's petition for mandamus is denied, but without costs, a public question being involved.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.