STATE *ex rel* WAYNE COUNTY PROSECUTING ATTORNEY v
BERNSTEIN

1. CONSTITUTIONAL LAW—NUISANCE—STATUTES—STANDING TO CHAL-
LENGE—PADLOCK LAW—KNOWLEDGE.

One cannot attack a statute on the grounds that its application
denies constitutional protection to others; therefore, the defend-
ant owner of a bar, who is alleged to be maintaining a public
nuisance under the padlock law, cannot attack the constitution-
ality of that law on the grounds that it does not require that he
have knowledge of the existence of the nuisance, where the
defendant's knowledge of the nuisance had been proven (MCLA
600.3801 *et seq.*).

2. NUISANCE—PROSTITUTION—PADLOCK LAW—STATUTES—POLICE
POWER—LEGISLATIVE PURPOSE.

The closing of a defendant's bar is a reasonable exercise of police
power where the statute relied on achieves a legitimate legisla-
tive purpose of eliminating a nuisance created by the use of
property for prostitution and where the statute was not utilized
to punish the defendant or bring an end to prostitution (MCLA
600.3801 *et seq.*).

3. NUISANCE—TORTS—TORTIOUS CONDUCT—DUE CARE.

Nuisance is primarily a condition; liability is not predicated on
tortious conduct through action or inaction on the part of those
responsible for the condition; nuisance may result from want of
due care, but may still exist as a dangerous, offensive, or
hazardous condition even with the best of care.

4. NUISANCE—PADLOCK LAW—STATUTES—INVESTMENT IN PROPERTY—
LOSS TO OWNER—REMEDIES—PUBLIC PURPOSE.

The amount of investment in property and the loss to the owner
caused by padlocking the property are not relevant to whether

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 119 *et seq.*
58 Am Jur 2d, Nuisances §§ 57–60.
[2] 63 Am Jur 2d, Prostitution §§ 2, 4.
[3] 58 Am Jur 2d, Nuisances § 19 *et seq.*
[4] 58 Am Jur 2d, Nuisances §§ 120, 213.

or not the use of the property constitutes a nuisance requiring abatement under a padlock statute; the court's inquiry ended when it determined that there was a reasonable relation between the remedy adopted, the padlocking of a defendant's bar, and a proper public purpose, the elimination of the nuisance created by the activities of prostitutes in that bar (MCLA 600.3801 *et seq.).*

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 October 8, 1974, at Detroit. (Docket No. 18603.) Decided December 5, 1974. Leave to appeal granted, 393 Mich 793.

Complaint by the State of Michigan on the relation of William L. Cahalan, Wayne County Prosecuting Attorney, against Irving L. Bernstein and Rheda Bernstein to abate a nuisance. Judgment for plaintiff. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Bruce R. Saperstein,* for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

DANHOF, P. J. Defendant Irving Bernstein is the operator, and, with his wife, the owner of the Vernor Bar, located in the City of Detroit. A complaint was filed under what is commonly called the "padlock statute", MCLA 600.3801 *et seq.;* MSA 27A.3801 *et seq.,* alleging that the bar was being "used as a meeting place for prostitutes who solicit in and upon said premises". The complaint sought to have the Vernor Bar declared a public nuisance and to have the nuisance abated

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

through issuance of a permanent injunction and an order closing the bar for one year.

Testimony of 10 Detroit police officers established that many prostitutes frequented the bar to solicit their customers. The officers testified to numerous arrests for accosting and soliciting, and to the general reputation of the Vernor Bar as a place where the services of a prostitute can easily be obtained. The defendant testified in substance that he was concerned about the activities that went on in his bar, and that he had done everything he possibly could to prevent these activities, but that he had been unable to effectively discourage them.

The lower court concluded that the Vernor Bar was a public nuisance as defined in the statute, and the defendant was permanently enjoined from maintaining it or any other building "for the purpose of lewdness, assignation or prostitution". The order further provided for the closing of the bar for a period of one year, subject to a petition by the defendant at the expiration of two months to reopen upon the satisfaction of certain stated conditions. From this order, defendant appeals. We affirm.

Defendant initially argues that the padlock law, MCLA 600.3801 *et seq.;* MSA 27A.3801 *et seq.* is unconstitutional as a denial of due process because it provides that proof of the defendant's knowledge of the existence of the nuisance is not required. A similar argument was made before this Court in *State ex rel Wayne Prosecuting Attorney v Weitzman,* 21 Mich App 705, 710–711; 176 NW2d 463 (1970), which discussed the Supreme Court's decision in *People v Schoonmaker,* 241 Mich 177; 216 NW 456 (1927), and concluded that the statutory provision obviating proof of knowledge was "objec-

tionable". In the present case, it is abundantly clear from the defendant's own testimony that he knew that prostitutes were accosting and soliciting in his bar over a period of years. Defendant cannot complain that the statute eliminates the requirement that proof of the knowledge of the nuisance be presented because his actual knowledge has, in fact, been proven. As a consequence, defendant cannot attack the constitutionality of this provision of the statute because it does not apply to him. *People v Asta,* 343 Mich 507, 515; 72 NW2d 282 (1955). "One cannot attack a statute on the ground that its application denies constitutional protection to others." *Department of Public Health v Tompkins,* 34 Mich App 114, 119; 190 NW2d 796, 798 (1971), and *United States v Lippman,* 492 F2d 314, 317 (CA 6, 1974), both citing *United States v Raines,* 362 US 17; 80 S Ct 519; 4 L Ed 2d 524 (1960).

Defendant's next issue continues the constitutional assault on the statute, but from another angle. He contends that the act is unconstitutional because it is an unreasonable exercise of the police power in that it punishes him by destroying his business even though he did everything he possibly could to eliminate the nuisance, and because its application in this case will have no significant impact upon the problem of prostitution.

Defendant's statement of the issue reflects a misapprehension of the nature and purpose of the padlock law. The theoretical basis for the closing of the defendant's bar is the protection of the public from a set of circumstances which have been found to constitute a nuisance. Speaking of the predecessor of the current nuisance abatement statute which is in all significant particulars identical to the present law, the Supreme Court in

*People ex rel Wayne Prosecuting Attorney v Sill*, 310 Mich 570, 575; 17 NW2d 756 (1945), stated "The purpose of Act No. 389, Pub. Acts 1925, is to eliminate effectively, by statutory procedure, the use of property, real or personal, in connection with gambling, prostitution, and illicit sale of liquor, et cetera". The padlock law is designed to facilitate the elimination of certain situations which have been found to interfere with a substantial community interest. The statute and the procedures initiated under it in the present case were not instituted to punish the defendant nor to bring an end to prostitution. The statute has been utilized to eliminate a nuisance by closing the defendant's bar. In so doing, the statute has effectively achieved a legitimate legislative purpose and is, therefore, a reasonable exercise of the police power.

While it may be that defendant had done everything he possibly could to stop prostitutes from operating out of his establishment, this does not preclude application of the padlock law. The fact remains that defendant has not been successful; ample evidence was presented to demonstrate that these activities persisted. The nuisance abatement procedures were implemented not because of any wrong doing on the part of the defendant, but because the nuisance continued to exist. A general discussion of the concepts of nuisance as it relates to fault appears in *Buckeye Union Fire Insurance Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476, 480 (1970), in which it was stated:

"Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care * * *, but

may still exist as a dangerous, offensive, or hazardous condition even with the best of care."

Similarly, the "amount of the investment" in the building and the loss to the owner caused by its padlocking are not "particularly" relevant to the question of whether or not there exists a nuisance requiring abatement under the statute. *People ex rel Allegan Prosecuting Attorney v Harding,* 343 Mich 41, 47–48; 72 NW2d 33 (1955).

The argument that the high cost to the defendant outweighs the advantage to the public brought about by closing his bar should be addressed to the Legislature. This Court's inquiry ends when it determines, as it does here, that there is a reasonable relation between the remedy adopted, padlocking defendant's bar, and a proper public purpose, to eliminate the nuisance created by the activities of prostitutes in that bar. *Borman's Inc v Liquor Control Commission,* 37 Mich App 738, 752–753; 195 NW2d 316 (1972), *lv den.* Also see *Grocers Dairy Co v Department of Agriculture Director,* 377 Mich 71; 138 NW2d 767 (1966).

The remaining issue advances defendant's contention that the statute is an unconstitutional infringement of the rights of prostitutes because it requires the bar owner to eject any known prostitute from his establishment thereby punishing the prostitute for "a state of being". Defendant is unable to cite any authority in support of this contention, and a reading of the plain language of the statute refutes it. Prostitutes are not prevented from using bars or any other public buildings as long as they do not do so for purposes related to prostitution.

Affirmed.

All concurred.