# STATE OF MICHIGAN

# COURT OF APPEALS

KRISHNA KRUPA, INC.,

  Plaintiff/Counter-Defendant-
  Appellee,

v

CITY OF FERNDALE,

  Defendant/Counter-Plaintiff-
  Appellant.

UNPUBLISHED
August 14, 2018

No. 337224
Oakland Circuit Court
LC No. 2016-152020-CZ

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying defendant's motion for summary disposition of its counterclaim which alleged that plaintiff's motel is a public nuisance that must be abated under the "padlock" statute, MCL 600.3801 *et seq.*, because it is used for illegal drug activity and prostitution. We reverse and remand.

Plaintiff owns the Motorama Motel at 8 Mile Road and Woodward Avenue in Ferndale and required a public lodging license to operate. In November 2015, plaintiff applied for renewal of its license. Inspections by defendant's fire marshal, police chief, and building department revealed numerous building, fire, and safety code violations in most of the motel's 60 rooms. The police chief further noted that over the previous three years, the police had responded to numerous calls for criminal activity involving both the sale and use of illegal drugs, as well as prostitution and assaults. In fact, the amount of time the police department spent at the motel exceeded any other commercial location in the city.[2] Defendant's police chief

---

[1] *Krishna Krupa, Inc v City of Ferndale*, unpublished order of the Court of Appeals, entered June 28, 2017 (Docket No. 337224).

[2] In his recommendation letter, the police chief referred to attached documents detailing some of the more significant incidents at the motel occurring from January 2013 through November 2015. These incidents included the discovery and seizure of illegal drugs and drug paraphernalia, drug overdoses, prostitution, thefts, assaults, firearm offenses, and domestic violence.

-1-

recommended the denial of plaintiff's application for renewal of its public lodging license on the grounds that the motel is a public nuisance that was unreasonably taxing the resources of the city's police department and was harmful to the safety and general welfare of the city. Following notice to plaintiff, the matter was referred to the city council as the licensing authority. At a city council meeting held in February 2016, several city residents spoke out against renewing plaintiff's license. Thereafter, defendant's city council unanimously held that there was substantial cause to adopt the police chief's recommendation to deny plaintiff's request for renewal of its public lodging license.

Plaintiff appealed the decision, requesting a public hearing before the city council on whether the license should issue. The hearing was held on March 1, 2016. Defendant presented testimony from a city building official, the fire marshal, a police officer, and the police chief regarding the several code violations and extensive criminal activity occurring at the motel. Plaintiff's owner and the operator of the motel testified that he was a victim of the location and nature of the business, and did not encourage criminal activity on the premises. Five city residents who owned homes near the motel testified against granting the license to plaintiff and four men who lived at the motel testified in favor of granting the license so that they could continue to live there. After hearing all of the evidence, the city council unanimously adopted a resolution upholding its decision to deny plaintiff's request for renewal of its public lodging license.

On March 16, 2016, plaintiff sued. In Count I, plaintiff challenges the constitutionality of defendant's ordinance relating to the issuance of public lodging licenses and, in Count II, raises an inverse condemnation claim premised on the denial of its request for the license. In Counts III and IV, plaintiff seeks declaratory and equitable relief with regard to the alleged improper denial of plaintiff's request for renewal of its public lodging license so as to allow plaintiff to continue to operate its motel without defendant's interference.

On March 29, 2016, defendant filed a counterclaim. Defendant alleged that several incidents of criminal activity had occurred at plaintiff's motel from 2013 through 2016 which involved illegal drug use and sales, as well as prostitution. The most recent incident had occurred on February 18, 2016, when the police arrested a suspect carrying 19 pre-packaged rocks of cocaine and found a crack pipe with cocaine residue, two digital scales, sandwich bags, and three cell phones in the suspect's room at plaintiff's motel. The police also determined that the suspect's mother, who stayed in the room with him, engaged in prostitution in that room. In Count I, defendant seeks an injunction to abate a public nuisance under the "padlock" statute, MCL 600.3801(1)(c), on the ground that plaintiff's motel is used for the sale and use of illegal drugs as evidenced by numerous attached police documents. In Count II, defendant seeks an injunction to abate a public nuisance under MCL 600.3801(1)(a) and (b), on the grounds that plaintiff's motel is used for the purpose of prostitution and is used by prostitutes and other disorderly persons as evidenced by numerous attached police documents. In Count III, defendant seeks an injunction to abate a public nuisance under MCL 600.2940, on the ground that plaintiff's motel was operating without a public lodging license in violation of defendant's ordinances.

In October 2016, defendant filed a motion for summary disposition of its counterclaim under MCR 2.116(C)(9) and (10). Defendant argued that it was entitled to a judgment and order

of abatement under MCL 600.3815, because it filed its complaint within 90 days of acts that are considered a nuisance—namely illegal drug and prostitution activities occurring on February 18, 2016 at the motel—and the material allegations of its complaint are true as established by the documents attached to the counterclaim and to the motion. Defendant further argued that plaintiff failed to state a valid defense to its nuisance claims thus there was no genuine issue of material fact that the motel was being used for illegal drug activity and prostitution in violation of MCL 600.3801. Moreover, defendant argued, plaintiff must be ordered to cease operating the motel without a license which had been properly denied by the city council, i.e., the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record. Numerous exhibits were attached to defendant's motion, including police documents and records related to the city council meetings.

Plaintiff responded to defendant's motion for summary disposition, arguing that defendant's denial of plaintiff's request for a public lodging license was based on defendant's desire to "modify the gateway to the city" and "do away with" plaintiff's motel and another neighboring motel to make room for redevelopment of the area. Toward that end, plaintiff opined, defendant's actions were intended to have the effect of driving down the value of plaintiff's property so that it could be acquired at a fraction of its worth. Plaintiff also argued that it was improperly being held "accountable for crime at its motel which crime cannot be circumvented by any action or inaction of Plaintiff." In other words, plaintiff was not responsible for the crime that occurred at its motel; it was committed by third parties, not plaintiff, and should be prevented by proper policing. Moreover, plaintiff argued, defendant's conclusion that plaintiff was not suitable to have a public lodging license was not supported by the evidence because, again, plaintiff was not responsible for the crimes committed at its motel. And defendant's public lodging license ordinance was unconstitutional. Accordingly, plaintiff was entitled to summary disposition under MCR 2.116(I)(2).

A hearing was held on defendant's motion for summary disposition, at which time the parties argued consistent with their briefs. Thereafter, the court noted that defendant "has not produced one single case that supports its position that a hotel owner is responsible for crime at the hotel by paying guests or that a crime at the hotel gives rise to a nuisance attributable to the plaintiff." Without such case law, the court noted, it could not determine whether there was competent, material, and substantive evidence supporting defendant's position. Thus, the parties were given additional time to supplement the record with case law that supported their respective positions, after which the court would issue a written decision.

Defendant filed a brief listing six cases in support of its position that the property owner's knowledge of a nuisance use—such as illegal drug use and prostitution—is not a requirement to seek abatement of the nuisance as plainly stated in MCL 600.3815(2). Plaintiff filed a brief stating that no case law exists to support defendant's legal position and the case law submitted by defendant pertained to an irrelevant issue, i.e., whether the owner of a business must have knowledge of the nuisance. Further, plaintiff argued, defendant must establish not only the existence of a nuisance, but that it is directly attributable to plaintiff and its operation. And defendant presented no evidence that plaintiff is responsible for the criminal activity at issue in this case. Plaintiff cannot police and monitor what occurs in the motel rooms it rents.

On February 22, 2017, the trial court issued its opinion and order denying defendant's motion for summary disposition of its counterclaim. The court held that it could not find that competent, material, and substantive evidence supported defendant's decision to deny the public lodging license or that the decision was authorized by law. Further, the court held, plaintiff stated a valid defense. Plaintiff then filed a motion seeking clarification of the court's order and an order granting dispositive relief in favor of plaintiff, which was denied. Defendant filed an application for leave to appeal the trial court's decision, which we granted.

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition of its counterclaim. We agree.

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(9) should be granted if a defendant fails to state a valid defense to a claim; only the pleadings may be considered. *Nicita v Detroit (After Remand)*, 216 Mich App 746, 750; 550 NW2d 269 (1996). On the other hand, a motion brought under MCR 2.116(C)(10) tests the factual support of a claim. *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish that a genuine issue of disputed fact exists. *Id*. After considering the documentary evidence of record, in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

Defendant's counterclaim is an original—not an appellate action—and raises three statutory causes of action against plaintiff for abatement of a public nuisance. See MCL 600.3805. Thus, the trial court erroneously applied the limited standard of review accorded appellate proceedings when it considered and denied defendant's motion for summary disposition. That is, defendant's counterclaim is not contesting the decision by its own city council to deny plaintiff's application for renewal of its public lodging license; rather, defendant is seeking injunctive relief to abate the public nuisance that is plaintiff's motel. Specifically, in Count I, defendant seeks an injunction to abate a public nuisance under MCL 600.3801(1)(c), because plaintiff's motel is being used routinely for the sale and use of illegal drugs as evidenced by police documents and police witness testimony. In Count II, defendant seeks an injunction to abate a public nuisance under MCL 600.3801(1)(a) and (b), because plaintiff's motel is being used routinely for the purpose of prostitution by prostitutes and other disorderly persons as evidenced by police documents and police testimony. And in Count III, defendant seeks an injunction to abate a public nuisance under MCL 600.2940 because plaintiff's motel is operating without a public lodging license in violation of defendant's ordinances.

In its motion for summary disposition, defendant argued that it was entitled to a judgment and order of abatement, closing the motel as mandated by MCL 600.3815(4), essentially because plaintiff could not refute that it was a public nuisance considering the overwhelming evidence of criminal activity routinely occurring on its property, including within 90 days of this action. Further, defendant argued that the motel also should be ordered closed because it was undisputed that plaintiff was operating without a license in violation of the local ordinance. In response to

defendant's motion, in relevant part, plaintiff argued that it could not he held accountable for the crime that occurred at its motel. Plaintiff also challenged the city council's denial of its request for renewal of plaintiff's public lodging license. In denying defendant's motion for summary disposition, the trial court apparently agreed with plaintiff's argument that plaintiff could not be held accountable under our nuisance laws for the criminal activity that occurs on plaintiff's property. We cannot agree.

Defendant's counterclaim was brought under the authority of the public nuisance statutes. We review de novo issues of statutory interpretation. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005). In an effort to discern and give effect to the Legislature's intent, we examine the statute's plain language. *Id*. If the language is unambiguous, no judicial construction is required or permitted and the statute is enforced as written. *Id*. (citation omitted).

The statutes pertaining to a public nuisance are fairly straightforward. MCL 600.3801 describes what is considered a "nuisance" and proscribes them as follows:

(1) A building, vehicle, boat, aircraft, or place is a nuisance if 1 or more of the following apply:

(a) It is used for the purpose of lewdness, assignation, prostitution, or gambling.

(b) It is used by, or kept for the use of, prostitutes or other disorderly persons.

(c) It is used for the unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of a controlled substance.

\* \* \*

(2) All furniture, fixtures, and contents of a building, vehicle, boat, aircraft, or place described in subsection (1) and all intoxicating liquors in the building, vehicle, boat, aircraft, or place are also declared a nuisance.

(3) All controlled substances and nuisances shall be enjoined and abated as provided in this act and the court rules.

(4) A person, or a servant, agent, or employee of the person, who owns, leases, conducts, or maintains a building, vehicle, or place described in subsection (1) is guilty of a nuisance.

(5) As used in this section, "controlled substance" means that term as defined in section 7104 of the public health code, 1978 PA 368, MCL 333.7104.

MCL 600.3805 authorizes the abatement action as follows:

The attorney general, the prosecuting attorney or any resident of the county in which a nuisance described in section 3801 is located, or a city, village, or

township attorney for the city, village, or township in which the nuisance is located may maintain an action for equitable relief . . . to abate the nuisance and to perpetually enjoin any person . . . who owns, leases, conducts, or maintains the building . . . or place from permitting . . . [it] . . . to be used for any of the purposes or acts or by any of the persons described in section 3801. After an injunction is granted under this section it is binding on the defendant throughout this state.

MCL 600.3815 states some parameters for establishing that a nuisance exists and, once established, mandates the entry of a judgment and order of abatement as follows:

(1) In an action under this chapter, evidence of the general reputation of the building, vehicle, boat, aircraft, or place is admissible for the purpose of proving the existence of the nuisance.

(2) In an action under this chapter, proof of knowledge of the existence of the nuisance on the part of 1 or more of the defendants is not required.

(3) In an action under this chapter, it is not necessary for the court to find the property involved was being used as and for a nuisance at the time of the hearing, or for the plaintiff to prove that the nuisance was continuing at the time the complaint was filed, if the complaint is filed within 90 days after any act, any violation, or the existence of a condition described in section 3801 as a nuisance.

(4) In an action under this chapter, on finding that the plaintiff has satisfied the burden of proof and that the material allegations of the complaint are true, the court shall enter a judgment and order of abatement as provided in this chapter. However, if the plaintiff seeks abatement of a nuisance by forfeiture or sale of a vehicle, boat, aircraft, or other personal property, the plaintiff has the burden of proving by clear and convincing evidence that the vehicle, boat, aircraft, or property was used for or in furtherance of the activity or conduct that constituted the nuisance as described in section 3801.

And MCL 600.3825, in relevant part, states what the order of abatement may include:

(1) If the existence of the nuisance is established in an action under this chapter, the court shall enter an order of abatement as a part of the judgment in the action. The order of abatement may order all of the following:

(a) The removal from the building or place of all furniture, fixtures, and contents.

(b) The sale of the furniture, fixtures, and contents in the manner provided for the sale of goods under execution.

(c) The effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of 1 year, unless sooner released as provided in this chapter.

(d) Any other equitable relief the court considers necessary.

It is unclear from the trial court's opinion and order what analysis lead to the erroneous conclusion that defendant did not establish that plaintiff's motel constituted a public nuisance under MCL 600.3801(1)(a), (b), and (c) as set forth in Counts I and II of defendant's counterclaim. Defendant offered a plethora of evidence, including documentary evidence and police witness testimony, establishing that there was extensive criminal activity—including illegal drug use and sales as well as prostitution—routinely occurring at plaintiff's motel, as well as within 90 days of the filing of its counterclaim. See MCL 600.3815(3). And although it could be sufficient evidence under MCL 600.3815(1), the evidence presented here was not simply "general reputation" evidence. Plaintiff did not deny the accuracy or veracity of that evidence of criminal activity; rather, plaintiff simply claimed that it could not be held accountable for that criminal activity. The trial court agreed with plaintiff; we do not.

"It is well established that nuisance abatement, as a means to promote public health, safety, and welfare, is a valid goal of municipal police power." *Rental Prop Owners Ass'n of Kent Co v City of Grand Rapids*, 455 Mich 246, 254-255; 566 NW2d 514 (1997). The nuisance abatement statutes are designed to eliminate the use of property in connection with the conduct proscribed in MCL 600.3801 to protect the community. *State ex rel Cahalan v Bernstein*, 57 Mich App 204, 207-208; 226 NW2d 56 (1974). This Court, and our Supreme Court, has squarely held that a property owner's participation, acquiescence, or knowledge with regard to the nuisance activities is not necessary for the statutory scheme and abatement remedy to apply. For example, in *State ex rel Patterson v Weaver*, 74 Mich App 462, 463-466; 254 NW2d 68 (1977), the owner of leased premises claimed not to know or acquiesce in the use of its premises as a house of prostitution, but this Court held that the nuisance was abatable under the padlock statute, MCL 600.3801 *et seq*.[3] Likewise, in *Bernstein*, 57 Mich App at 205-206, the owner of a bar that was used as a meeting place for prostitutes claimed to have done all that he could do to prevent such use, but this Court held that the nuisance was abatable under the padlock statute. More recently, in *Michigan ex rel Wayne Co v Bennis*, 447 Mich 719; 527 NW2d 483 (1994), our Supreme Court reiterated that innocence is not a defense to a statutory claim for abatement of a public nuisance when it held that a wife's interest in a motor vehicle, that had been used by her husband in a manner that violated MCL 600.3801, could be abated although she did not know or consent to such use. *Id*. at 737-742. The *Bennis* Court held that nuisance abatement statute "expressly obviates the requirement that an owner consent to or acquiesce in the illegal use of property." *Id*. at 739.

It is clear, then, that nuisance abatement can occur even when there is no wrongdoing on the part of the property owner. See *Bernstein*, 57 Mich App at 208. As the *Bernstein* Court

---

[3] *Weaver*, 74 Mich App at 463-464, citing MCL 600.3815(2), *People ex rel Wayne Prosecuting Attorney v Tate*, 306 Mich 667, 669; 11 NW2d 282 (1943), *People ex rel Wayne Prosecuting Attorney v Bitonti*, 306 Mich 115, 119; 10 NW2d 329 (1943), and *State ex rel Attorney General v Robinson*, 250 Mich 99, 103; 229 NW2d 403 (1930).

noted, the concept of fault as relates to a nuisance was explained by our Supreme Court in *Buckeye Union Fire Ins Co v Mich*, 383 Mich 630, 636; 178 NW2d 476 (1970):

> Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous, offensive, or hazardous condition even with the best of care.

Thus, the singular focus of our nuisance law is on the fact that the nuisance *exists*, i.e., that the property is being used to facilitate the proscribed acts regardless of how that situation came to exist. The protection of the public is the paramount concern.

In this case, plaintiff admittedly had notice and knowledge of the criminal activities that routinely occurred at its motel requiring police involvement. According to the undisputed evidence, plaintiff's motel was the "business address" for drug traffickers and prostitution rings, as well as a haven for drug users, prostitutes, and other disorderly persons. But plaintiff disowned any responsibility for the dangers associated with its motel, claiming merely to be a "victim" of the location and nature of the business.[4] While plaintiff claims to be "innocent" with respect to the flourishing criminal enterprises housed under its roof, it remains that plaintiff's motel exists as a "dangerous, offensive, and hazardous condition" that warrants abatement. See *Buckeye Union Fire Ins Co*, 383 Mich at 636. Plaintiff's motel endangers the health and safety of the public, including the people who stay in that motel as well as the people living in the surrounding neighborhood and community.

In summary, defendant stated statutory claims for abatement of a public nuisance and sufficiently established those claims entitling it to summary disposition of Counts I and II under MCR 2.116(C)(10), regardless of whether plaintiff's request for renewal of its public lodging license was or was not properly denied. See MCL 600.3815(4). Plaintiff's motel is being used to facilitate the sale and use of illegal drugs and prostitution, criminal activities which fall squarely within the contemplation of the public nuisance abatement statute. See MCL 600.3801. Therefore, defendant was entitled to an order of abatement of this dangerous condition—the entirety of the motel—for up to one year. See MCL 600.3825(1)(c). Accordingly, the trial court erroneously denied defendant's motion for summary disposition as to Counts I and II of defendant's counterclaim and that decision is reversed.

We next address the trial court's denial of defendant's motion for summary disposition as to Count III. In Count III of its counterclaim, defendant alleges that plaintiff is operating its

---

[4] Plaintiff's primary security plan is to rely on the local police to prevent the criminal activity occurring on its property. Plaintiff's plan is unreasonable, short-sighted, and proves the wisdom of the public nuisance statute. It plainly does not occur to plaintiff that the manner in which it operates its motel may be attracting the criminal activity. For example, plaintiff may be attracting crime through its reputation for having deficient surveillance and monitoring of guest activities in the parking lot and common areas, as well as through its rental and registration policies and practices. In any case, plaintiff's stance that it is the "city's problem" is untenable.

motel without a public lodging license in violation of city ordinances which constitutes a nuisance under MCL 600.2940. Plaintiff's application for renewal of that license had been denied by the city council, in part because of the extensive criminal activity that occurred at plaintiff's motel and in part because of numerous building, fire, and safety code violations. In denying defendant's motion for summary disposition, the trial court concluded that the city council's decision to deny plaintiff a license was not authorized by law or supported by competent, material and substantial evidence. While unclear, it appears the trial court's decision was based at least in part on the faulty premise that plaintiff could not be held accountable for criminal activity that occurs at its motel. In any case, because plaintiff's motel was an abatable public nuisance under MCL 600.3801 *et seq.*, we need not consider whether plaintiff's motel was also an abatable nuisance under MCL 600.2940, as alleged in Count III of defendant's counterclaim. Even if plaintiff was operating without a public lodging license because its request for one was wrongfully denied by defendant's city council—and we are not saying that it was—defendant is still entitled to a judgment and order of abatement closing down plaintiff's motel as a public nuisance. Thus, we need not consider the issue whether the trial court also erred in denying defendant's motion for summary disposition as to Count III of its counterclaim.

Accordingly, the trial court is directed to enter an order granting defendant's motion for summary disposition of its counterclaim under MCR 2.116(C)(10), enter a judgment and order of abatement enjoining plaintiff's continued operation of its motel, MCL 600.3815(4), and enter any other order that may be necessary with respect to the closure of the motel, MCL 600.3825.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly