PEOPLE, ex rel. WAYNE PROSECUTING ATTORNEY, v. SILL.

1. CONSTITUTIONAL LAW—STATUTES—OBJECT EXPRESSED IN TITLE.
    An act does not violate the constitutional requirements that act embrace but one object which shall be expressed in the title thereof where the title fairly covers the general subject matter of the act as it need not constitute a table of contents or an index to the act (Const. 1908, art. 5, § 21).

2. SAME—TITLE OF ACT—SUBJECT MATTER.
    The title of an act is good if it is a descriptive caption, directing attention to the subject matter which follows, or if it be expressive of the purpose and scope of the enactment (Const. 1908, art. 5, § 21).

3. SAME—STATUTES—OBJECT EXPRESSED IN TITLE—GERMANE PROVISIONS.
    The constitutional requirements that no law shall embrace more than one object which shall be expressed in its title are met if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms,

and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose (Const. 1908, art. 5, § 21).

4. Evidence—Judicial Notice—Conduct of Numbers Racket—Automobiles.

The use of automobiles as essential tools in the so-called "numbers racket," a form of gambling, is generally recognized.

5. Statutes—Gaming—Forfeiture of Property—Constitutional Law.

The purpose of act relating to use of property in connection with gambling, prostitution and illicit sale of liquor is to provide the elimination of such use and disposal of funds received from forfeiture of such property and, since the provisions of the act are germane to the object expressed in the title, the statute is not violative of constitutional provision respecting contents of an act and its title (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 9093 *et seq.*).

6. Gaming—Statutes—Due Process.

Contention that act permitting forfeiture of defendant's automobile which he had used in conducting a so-called numbers racket, a form of gambling, deprived him of due process of law *held*, not sustained (2 Comp. Laws 1929, § 9093 *et seq.*).

7. Same—Forfeiture of Automobile.

Decree ordering sale of automobile which had been used in the conduct of a so-called numbers racket, a form of gambling, and turning over proceeds to State treasurer *held*, not broader than specific or general prayers of bill to abate the nuisance and within statutory discretion conferred upon court in such matter (2 Comp. Laws 1929, § 9093 *et seq.*).

8. Appeal and Error—Amendment of Prayer for Relief to Conform to Decree.

If occasion presents necessity therefor the prayer for relief in a bill of complaint may be amended on appeal so as to conform to relief decreed (Court Rule No. 72 [1933]).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 11, 1945. (Docket No. 69, Calendar No. 42,884.) Decided February 20, 1945.

Bill by people of the State of Michigan on the relation of William E. Dowling, Wayne Prosecut-

ing Attorney, against Bernard H. Sill to abate a nuisance under Act No. 389, Pub. Acts 1925. Decree for plaintiff. Defendant appeals. Affirmed.

*John R. Dethmers*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *William E. Dowling*, Prosecuting Attorney, and *Harold Helper*, Assistant Prosecuting Attorney, for the people.

*Max E. Klayman* (*Meyer Weisenfeld*, of counsel), for defendant.

North, J. On February 23, 1943, defendant Sill was arrested in the city of Detroit while driving his Pontiac automobile. He was charged with violation of the State gambling laws and entered a plea of not guilty, but upon trial was convicted. The conviction resulted from proof that at the time of his arrest, the defendant was engaged in what is commonly known as the "numbers racket" and had in his possession, and in his automobile, a number of mutuel bet slips as well as a sum of money obtained from or used in gambling.

On March 17, 1943, plaintiff filed its bill of complaint, alleging that defendant was a disorderly person engaged in the illegal occupation of registering bets and unlawfully possessing "policy slips;" that his automobile was used by him in his illegal business, and that as the automobile was used for the purpose of gambling it became a nuisance as defined in Act No. 389, § 1, Pub. Acts 1925 (2 Comp. Laws 1929, § 9093 *et seq.* [Stat. Ann. § 18.901 *et seq.*]); wherefore plaintiff prayed for an abatement of the nuisance as provided for in the cited act. Upon hearing in open court a decree was entered wherein it was adjudicated that defendant Sill was the owner of the automobile, that by reason of its illegal use

it became and was a nuisance within the provisions of the above-cited statute, that it be sold by the sheriff, and that after deduction of incidental costs the balance of the proceeds from such sale be paid to the State treasurer.  Defendant has appealed. His brief presents two contentions:  (1) that the cited statute is, "unconstitutional insofar as it pertains to automobiles," (2) that the trial court erred in decreeing that the net proceeds of the sale of the automobile be turned over to the State treasurer.

Is Act No. 389, Pub. Acts 1925, unconstitutional in the particulars asserted by appellant?  The title and section 1 of the act read as follows:

"An act to define certain nuisances; to provide for the abatement of nuisances by the closing of premises wherein the nuisance occurs and the removal and sale of personal property therein, and the enjoining of certain persons connected therewith or engaged in conducting such nuisances; to provide procedure therefor; to provide for contempt proceedings; to provide for the forfeiture of property exemptions in certain cases and to repeal act number two hundred seventy-two of the public acts of nineteen hundred fifteen, and all acts amendatory thereof.

"SECTION 1.  Any building, vehicle or place used for the purpose of lewdness, assignation or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons, or used for the unlawful manufacture, storing, possessing, transporting, sale, keeping for sale, giving away, bartering, furnishing or otherwise disposing of any vinous, malt, brewed, fermented, spirituous or intoxicating liquors or any mixed liquors or beverages, any part of which is intoxicating, is hereby declared a nuisance and the furniture, fixtures and contents of any such building, vehicle or place, and all such intoxicating liquors therein are also de-

clared a nuisance, and all such nuisances shall be enjoined and abated as hereinafter provided. Any person, or his servant, agent or employee who shall own, lease, conduct or maintain any building, vehicle or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance." 2 Comp. Laws 1929, § 9093 (Stat. Ann. § 18.901).

Defendant claims that the title is not sufficiently broad to cover all subjects included in the act, i. e., vehicles, and that the act embraces more than one subject, in violation of Michigan Constitution of 1908, art. 5, § 21. He also claims that the act is confiscatory in that it provides for the taking of property without due process of law.

Article 5, § 21, Michigan Constitution of 1908, in part reads as follows: "No law shall embrace more than one object, which shall be expressed in its title." Defendant claims that because the word "vehicle" does not appear in the title, but does appear several times in the body of the act, therefore the act violates the quoted constitutional provision and is invalid. This contention is not tenable. The well-established rules of construction are that an act' is not violative of the above constitutional provision if its title fairly covers the general subject matter of the act. A title is sufficient in detail even though it does not constitute a table of contents or an index to the act. See *City of Bay City* v. *State Board of Tax Administration*, 292 Mich. 241. The title is good if it is a descriptive caption, directing attention to the subject matter which follows, *Loomis* v. *Rogers*, 197 Mich. 265; or if it be expressive of the purpose and scope of the enactment, *In re Lewis' Estate*, 287 Mich. 179, 183. In *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8, 21, this Court said:

"It has been said this section is not to be given a narrow and strained construction (*National Loan & Investment Co.* v. *City of Detroit,* 136 Mich. 451), and it is familiar doctrine that this constitutional provision does not require in the title details, incidents, or means of carrying out the object of the legislation, nor an index of the body of the act, but it is enough if it fairly indicates to the inquiring mind the general scope, intent, and the purpose of the law."

When the title and body of Act No. 389, Pub. Acts 1925, are examined in the light of these criteria, it may be said as in *Loomis* v. *Rogers,* 197 Mich. 265, 271, that:

"The act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met."

The method by which the "numbers racket" operates appears in *People, ex rel. Wayne Prosecuting Attorney,* v. *Bitonti,* 306 Mich. 115, and *People, ex rel. Wayne Prosecuting Attorney,* v. *Tate,* 306 Mich. 667. The use of automobiles as essential tools in this type of gambling is generally recognized. The purpose of Act No. 389, Pub. Acts 1925, is to eliminate effectively, by statutory procedure, the use of property, real or personal, in connection with gambling, prostitution, and illicit sale of liquor, et cetera. The act provides a detailed procedure (section 12) for declaring that property used in gambling be forfeited, for its sale, and for the disposal of funds received therefrom. The various provisions of the act are germane to the general purpose sought to be accomplished. The act does not embrace more than one object, and in that respect it does not violate

article 5, § 21, of the 1908 Constitution. See *People, ex rel. Attorney General,* v. *Donovan,* 228 Mich. 520.

We find nothing in appellant's brief which would justify sustaining his contention that the act in question deprives appellant of due process of law and is therefore unconstitutional. Nor are we in accord with appellant's contention that the trial court erred in decreeing that the net proceeds of the sale of the automobile should be turned over to the State treasurer. The statute expressly provides for such disposition of the money received from the sale. See 2 Comp. Laws 1929, § 9104 (Stat. Ann. § 18.912). The provisions in section 12 of the act as to sale and disposition of the proceeds are not mandatory. Instead, the court in these respects may exercise judicial discretion. *People, ex rel. Attorney General,* v. *Holschuh,* 235 Mich. 272; *People, ex rel. Wayne Prosecuting Attorney,* v. *Tate, supra.* There is no merit to appellant's claim that in respect to the sale the relief decreed was broader than that prayed for in the bill of complaint. The relief decreed was within the statute and in accord with specific relief sought, and also well within the general prayer for relief; and further, were there occasion for doing so, the prayer for relief might yet be amended to conform to that decreed. Michigan Court Rule No. 72 (1933).

The decree entered in the trial court is affirmed, with costs to appellee. ·

Starr, C. J., and Wiest, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.