### *In re* MAYNARD'S PETITION.

1. SEARCHES AND SEIZURES—PADLOCK LAW—ABATEMENT OF NUISANCES.

    The so-called "padlock law" is invoked by a bill in chancery to abate an alleged nuisance and does not validate seizures made under a search warrant, where the seizure was not otherwise authorized by statute (CL 1948, § 692.251 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Generally as to injunctions of a liquor nuisance, see 30 Am Jur, Intoxicating Liquors § 501 *et seq.*

Generally as to seizures of intoxicating liquors under search warrants, see 30 Am Jur, Intoxicating Liquors § 549 *et seq.*

2. SAME—VIOLATION OF LIQUOR LAW—CIGARETTE AND CANDY VENDING MACHINES.

Cigarette and candy vending machines and their contents are not implements having any relation to the illegal sale of liquor, hence seizure of petitioner's machines for vending such products, made under search warrants issued under the liquor law providing for seizure of all alcoholic liquors, containers, implements or conveyances, was unauthorized (CL 1948, §§ 436.32, 436.42, 436.44).

3. COSTS—BRIEFS—SEARCHES AND SEIZURES—CIGARETTE AND CANDY VENDING MACHINES.

No costs are granted upon affirmance of order requiring prosecuting attorney to return to petitioner his cigarette and candy vending machines which had been present at places where seizures were made under search warrants issued under the liquor law, where petitioner filed no brief on appeal (CL 1948, §§ 436.32, 436.42, 436.44).

Appeal from Superior Court for City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 11, 1952. (Docket No. 53, Calendar No. 45,144.) Decided May 16, 1952.

Petition by Earl T. Maynard for order requiring Prosecuting Attorney of Kent County to return certain vending machines. Petition granted. The Prosecuting Attorney appeals. Affirmed.

*Roger O. McMahon,* Prosecuting Attorney, and *Henry J. Milanowski,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Earl T. Maynard, herein referred to as plaintiff, asserting ownership in certain vending machines and their contents, filed a petition in the superior court for the city of Grand Rapids for the recovery of 3 machines: 2 for vending cigarettes, and the other for vending candy, and their contents when seized. They had been placed by plaintiff's agents and subsequently seized by the police in 2

separate establishments, the proprietors of which had violated the liquor laws. The latter were duly convicted and sentenced in the superior court for the city of Grand Rapids and the petitioner thereafter sought recovery of the property from the prosecuting attorney, herein called the defendant. The seizure in one establishment took place on or about November 7, 1949, and the other on or about December 5, 1949. The petition for the return of the property was not filed until February 15, 1950. In the opinion of the trial judge filed December 14, 1950, it was held that plaintiff was entitled to the return of the property. The order does not appear in the record. Defendant has appealed.

In the statement of questions involved set forth by defendant in his brief, no question is raised in regard to the jurisdiction of the court or the propriety of the proceedings. Defendant, however, contends that the court erred in directing the return of the property. Search warrants preceded the seizures. The complaint in each instance was for the illicit sale of liquor, in one case contrary to section 32 (CL 1948, § 436.32 [Stat Ann § 18.1003]), and the other case section 44 (CL 1948, § 436.44 [Stat Ann § 18.1015]), PA 1933 (Ex Sess), No 8. The search warrant was issued presumably under section 42 (CL 1948, § 436.42 [Stat Ann § 18.1013]) of the same act which provides for the seizure of all alcoholic liquors, containers, implements or conveyances by direct order of the court or magistrate, such to be turned over to the commission, et cetera. The court held that the search warrant was issued under the provisions of section 42, *supra,* and that the vending machines did not constitute alcoholic liquors, containers, implements or conveyances, the only articles covered by the act. He held that a vending machine for the sale of legitimate merchandise was not an implement within the meaning of

the act and, therefore, could not be legally seized and should be returned. Defendant contends, however, that the trial court should have applied CL 1948, § 692.251 *et seq.* (Stat Ann § 18.901 *et seq.*), "padlock law," on the theory that defendant had the power to ask the court to declare such vending machines a nuisance and ask for its abatement. This law is invoked by a bill in chancery. None was brought although there was more than a reasonable length of time in which to bring it.

The trial judge stated that the presence of these machines may add to the convenience of the customers in purchasing candy or cigarettes but certainly did not contribute to the violation of the liquor law, neither were they implements in the hands of the unlawful operators to further the sale of liquor. We find no authority in *People, ex rel. Wayne Prosecuting Attorney,* v. *Sill,* 310 Mich 570, nor *State, ex rel. Wayne Prosecuting Attorney,* v. *Martin,* 314 Mich 317, to sustain the proposition that a vending machine owned by a third party who has in no way contributed to the violation should be confiscated under the authority of CL 1948, § 692.251 (Stat Ann § 18.901). Defendant contends:

"In the case at bar, a cigarette vending machine is a necessary tool and machine used in the operation of an illegal gambling place, or an illegal place where liquor is sold or kept for sale on the premises without a license,"

but no logical reason is given for this conclusion. Cigarettes and candy are readily obtainable in legal establishments in any locality. Their presence does not make them implements that have any relation to the illegal sale of liquor.

The petition of plaintiff was properly granted and the order to return the machines to plaintiff is affirmed, without costs.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.