CITY OF BIRMINGHAM v OAKLAND COUNTY

GENESEE COUNTY v CITY OF FLINT

1. WITNESSES—COMPENSATION—STATUTES—REVISED JUDICATURE ACT
   —CONSTITUTIONAL LAW.

   The title of the Revised Judicature Act applies only to the
   organization and jurisdiction of the courts and to civil proce-
   dure but not to criminal procedure, and since witness fees in
   criminal cases are matters of procedure and not organizational
   or jurisdictional, a section of the Revised Judicature Act, to the
   extent that it relates to witness fees in criminal cases, is void
   because the Michigan Constitution provides that no law may
   embrace more than one object which shall be expressed in its
   title (Const 1963, art 4, § 24; MCLA 600.8323).

2. WITNESSES—COMPENSATION—DISTRICT COURT—COUNTIES.

   The county is liable for witness fees and mileage allowances
   incurred in state law preliminary examinations and in state
   law violation trials in district courts of the third class (MCLA
   775.13, 775.14).

Appeals from Oakland and Genesee, William J.
Beer and Thomas C. Yeotis, JJ. Submitted Division
2 June 6, 1973, at Lansing. (Docket Nos. 14036,
14250.) Decided August 30, 1973.

Complaint by City of Birmingham against Oak-
land County and the 48th Judicial District Court
for declaratory judgment to order reimbursement
of witness fees paid in connection with criminal
preliminary examinations. Judgment for plaintiff.
Defendants appeal. (Docket No. 14036.)

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 875, 876.
[2] 58 Am Jur, Witnesses § 878.

Complaint by Genesee County against the City of Flint for declaratory judgment to determine the obligation between the parties to pay witness fees and mileage allowances attendant to criminal cases in district court. Judgment in favor of defendant. Plaintiff appeals. (Docket No. 14250.)

The Court of Appeals ordered the cases consolidated for hearing and argument. Affirmed as to both cases.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann),* for plaintiff City of Birmingham.

*Robert P. Allen,* Oakland County Civil Counsel, and *Hayward Whitlock, Armand P. Deatrick,* and *Jack C. Hays,* Assistants Civil Counsel, for defendant Oakland County.

*David, Kregg & Conway,* for plaintiff Genesee County.

*Patrick H. Hynes (Simen, Figura & Zimmer, P. C.,* of counsel), for defendant City of Flint.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

PER CURIAM.

*Case No. 14036*

Plaintiff, City of Birmingham, instituted suit against the County of Oakland and the 48th Judi-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cial District Court, as codefendants, seeking a declaratory judgment requiring defendant County of Oakland to reimburse plaintiff for witness fees paid in connection with criminal preliminary examinations conducted by the 48th Judicial District Court concerning state law criminal matters.

Plaintiff was granted a judgment by Oakland County Circuit Judge William John Beer. His opinion declared that "it is the responsibility of the defendant, County of Oakland, to pay witness fees incurred by the Oakland County Prosecutor's office in the course of state law preliminary examinations held in the City of Birmingham".

*Case No. 14250*

In the latter part of 1970 and the early part of 1971, the City of Flint, the district control unit for the 68th District Court, through its director of finance, advised the controller for the County of Genesee of its intention to forward witnesses who had been called to testify in preliminary examinations or trials of state law violations in the 68th District Court, to the office of the Genesee County Treasurer for payment of witness fees. The county refused payment. This action was commenced to obtain a judicial determination of the rights of the parties. Genesee County Circuit Judge Thomas C. Yeotis entered a judgment declaring "the County of Genesee has the legal obligation to pay witness fees and mileage allowances attendant to preliminary examinations and trials of criminal cases in the 68th District Court when the violation of state law giving rise to the action takes place in the City of Flint".

Both cases having been appealed, this Court, on its own motion, ordered them consolidated for hearing and argument.

*Issue*

*Is the county liable for witness fees and mileage allowances incurred in preliminary examinations and in state law violation trials in district courts of the third class?*

The Revised Judicature Act, § 8323; MCLA 600.8323; MSA 27A.8323, states:

"Witnesses in the district court shall be entitled to receive the same fees and mileage allowances to which witnesses in circuit court are entitled. Where the county is responsible for such expenses in the circuit court, the district control unit for the place where the trial occurs shall be responsible for such expenses in the district court."

Sections 13 and 14, ch 14, Code of Criminal Procedure, MCLA 775.13 and 775.14; MSA 28.1250 and 28.1251, read:

"Sec. 13. Whenever any person shall attend any court as a witness in behalf of the people of this state upon request of the public prosecutor, or upon a subpoena, or by virtue of any recognizance for that purpose, he shall be entitled to the following fees: For attending in a court of record, $12.00 for each day and $6.00 for each half day; for attending in a justice court or upon an examination, $10.00 for each day and $5.00 for each half day; and for traveling, at the rate of 10 cents per mile in going to and returning from the place of attendance, to be estimated from the residence of such witness if within the state; if without the state, from the boundary line which witness passed in going to attend the court.

\* \* \*

"Sec. 14. In courts of record such witness shall prove his attendance and travel in open court before the clerk, and in justice courts before the justice, on the day of trial, or upon an examination, and a certificate thereof from the justice, countersigned by the prosecut-

ing attorney of the county, shall authorize the county clerk to draw an order upon the county treasurer for the payment of the fees of such witnesses attending such justice court as aforesaid, which order shall be paid by the said county treasurer in like manner as witness fees in courts of record are paid, and an order therefor from the clerk of such court of record shall authorize the county treasurer to pay the fees of witnesses attending such court of record as aforesaid in the same manner as the fees of jurors attending such courts are paid."

On April 10, 1916, Attorney General Grant Fellows in a letter opinion (OAG, 1916, pp 489, 490) stated:

"Chapter 77 of the Judicature Act apparently relates to civil procedure entirely and not to criminal procedure, while section 12015 of the Compiled Laws of 1897 relates solely to criminal procedure. It is my understanding that the Judicature Act taken as a whole relates to civil procedure, etc., as is evidenced by its title and only affects criminal procedure incidentally.

"I am, therefore, of the opinion that section 12015 of the Compiled Laws of 1897 is not superseded by section 4 of Chapter 77 of the Judicature Act."

The modern counterpart of section 12015 is MCLA 775.13; MSA 28.1250.

In *People v Stanley,* 344 Mich 530; 75 NW2d 39 (1956), the Supreme Court had the question whether an appeal in a criminal case was governed by the Judicature Act and was therefore of right, or by the Code of Criminal Procedure and was therefore by leave. In holding that the Code of Criminal Procedure controlled, the Court said (p 540; 75 NW2d at 44):

"The title of the judicature act negatives a conclusion that it was intended by the legislature to apply to procedure in criminal cases. The later enactment of the

code of criminal procedure, without making reference
to the judicature act, shows the legislative intent. These
2 acts were obviously intended by the legislature to
apply to the practice and procedure in civil cases sepa-
rate from that in criminal cases. A mere reading and
comparison of the titles of the judicature act and of the
code of criminal procedure can lead to only one conclu-
sion—one was intended by the legislature to refer to
practice and procedure in civil cases, and the other to
criminal procedure."

On March 9, 1950, Attorney General Stephen J.
Roth, in an opinion addressed to John D. Voelker,
Prosecuting Attorney of Marquette County (OAG,
1949–1950, No 1179, pp 489–490), stated as follows:

"You have inquired whether the payment of witness
fees in criminal cases is to be governed by PA 1915, No
314, chap 48, § 3 (CL 1948, § 6483 [Stat Ann § 27.2557]),
as amended by PA 1949, No 96 (Stat Ann 1949 Cum
Supp § 27.2557), or by PA 1927, No 175, chap 15, § 13
(CL 1948, § 775.13 [Stat Ann § 28.1250]).

"The first mentioned section is a part of that chapter
of the judicature act which treats of the fees of sheriffs
and witnesses while the latter section is a part of the
chapter of the code of criminal procedure which deals
with fees to be paid in criminal cases.

"The cited 1949 amendment to the judicature act
increased witness fees throughout the state, except in
the county of Wayne, and made them uniform. It also
added to the section in question, so far as pertinent, the
words italicized below:

" 'Witnesses shall receive for attending in any suit or
proceeding pending in a court of record, $5.00 for each
day and $2.50 for each half day: Provided, That *no
complaining witness in any criminal suit or proceeding
shall be entitled to witness fees.* Witnesses, *including
complaining witnesses,* shall receive for traveling at the
rate of 10 cents per mile in coming to the place of
attendance, to be estimated from the residence of such
witness if within this state, or from the boundary line

of this state, which such witness passed in coming, if his residence be out of the state.' (italics supplied)

"The relevant section of the code of criminal procedure provides for different witness fees and travel expenses for attending courts of record as well as for attending justice courts.

"Prior to the mentioned 1949 legislation there appeared no inconsistency between these two sections, although they differed as to fees and mileage payments, because one related to civil and the other to criminal cases.

"The title to the judicature act, which was not amended in 1949, presently reads:

" 'An Act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms of *civil* actions; the time within which *civil* actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in *civil* actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of acts inconsistent with, or contravening any of the provisions of this act.' (italics supplied)

"It will be seen that this title declares the object of the judicature act to be the regulation of practice and procedure in civil matters. The title to the code of criminal procedure, on the other hand, indicates that the object of that act is to regulate criminal procedure, including 'fees of * * * witnesses * * * in criminal cases.'

"The italicized new matter added to the questioned section of the judicature act by PA 1949, No 96, insofar as it purports to govern procedure in criminal cases has no relation whatsoever to civil practice and procedure. Therefore, it cannot be said to be germane, auxiliary or incidental to the general object and purpose of the judicature act as expressed in its title.

"Const 1908, art 5, § 21, provides that 'no law shall embrace more than one object, which shall be expressed in its title.' In construing this provision the supreme

court has declared that although the title to an act
need embrace the object or purpose of the act only in
general terms, *Loomis v Rogers,* 197 Mich 265, 271 [163
NW 1018, 1020 (1917)], and need not constitute a table
of contents or an index to the act, *People [ex rel Wayne
Prosecuting Attorney] v Sill,* 310 Mich 570, 574 [17
NW2d 756, 758 (1945)], yet it must be sufficiently com-
prehensive to challenge legislative and public attention
to all matters embodied in the act which can be said to
be germane, auxiliary or incidental to the title thereof.
*Rohan v Detroit Racing Association,* 314 Mich 326, 356
[22 NW2d 433, 444 (1946)] (166 ALR 1246, 1260). No one
would suppose, after reading the title to the judicature
act, that this act contained any provision regarding
criminal procedure. It is apparent, therefore, that the
references to criminal procedure contained in PA 1949,
No 96, are not comprehended within the title to the
judicature act.

"An argument might be made that the italicized
wording of the amendatory act as quoted herein comes
within that portion of the title thereof which relates 'to
the organization and jurisdiction of the courts of this
state.' In my opinion, such argument is not tenable for
the reason that the statutory provision providing for
the bringing of a witness before a court and payment to
him of a witness fee therefor is not organizational or
jurisdictional but is procedural. The judicature act, so
far as procedural matters are concerned, has to do
solely with the civil as distinguished from the criminal
phase thereof.

"Accordingly, in my opinion, PA 1949, No 96, insofar
as it relates to criminal cases is violative of Const 1908,
art 5, § 21, and void.

"You are therefore advised that the payment of wit-
ness fees in criminal cases is governed by the applicable
provisions of the code of criminal procedure."

The present Revised Judicature Act was adopted
in 1961. However, its title remains substantially
the same as that of the Judicature Act of 1915 and
the reasoning that it applies only to the organiza-
tion and jurisdiction of the courts and to civil

procedure, but not criminal procedure, remains applicable. Since witness fees in criminal cases are matters of procedure and not organizational or jurisdictional, to the extent that MCLA 600.8323; MSA 27A.8323 relates to criminal cases, it is void because of violation of that part of Const 1963, art 4, § 24, which reads: "No law shall embrace more than one object, which shall be expressed in its title".

The title of the Code of Criminal Procedure specifically states that it is to provide for fees of officers, witnesses, and others in criminal cases. Consequently, we hold that the provisions of §§ 13 and 14 of the Code of Criminal Procedure are controlling and dispositive of the question herein presented.

Affirmed as to both cases.