CITY OF MUSKEGON v COUNTY OF MUSKEGON

Courts—District Courts—Witness Fees—Municipal Corporations —Counties—Statutes.

Individual municipalities, and not the county in which they are located, are responsible for payment of fees and mileage allowances for witnesses called by the municipalities in cases arising out of enforcement of the municipalities' ordinances, brought in the district court in a first class district; the county is the district control unit for a first class district and is obliged by statute to maintain, operate, and finance the district court; however, witness fees are not a part of the maintenance, operating or financing of a court but are the responsibility of the litigants, whether the case be civil or criminal in nature (MCLA 600.8104[2], 600.8323).

Appeal from Muskegon, Charles A. Larnard, J. Submitted June 2, 1975, at Grand Rapids. (Docket No. 22141.) Decided July 23, 1975.

Complaint by the City of Muskegon, City of Muskegon Heights, City of Norton Shores, City of Whitehall, City of Montague, and City of Roosevelt Park against the County of Muskegon and W. D. Sucha, Judicial Administrator of the District Courts of the county, for a declaratory judgment fixing liability for payment of witness fees in cases arising from enforcement of the cities' ordinances. Summary judgment for defendants. Plaintiff City of Muskegon appeals. Affirmed.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for plaintiff, City of Muskegon.

Reference for Points in Headnote

58 Am Jur, Witnesses § 874 *et seq.*

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.,* (by *Darrel G. Brown),* for defendants.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. In this appeal, we are asked to determine which of the parties, plaintiff municipalities or defendant county, is required by § 8323 of the Revised Judicature Act, MCLA 600.8323; MSA 27A.8323, to pay witness and mileage fees for witnesses called by the plaintiff municipalities in cases arising out of plaintiffs' ordinances. Section 8323 provides:

"Witnesses in the district court shall be entitled to receive the same fees and mileage allowances to which witnesses in circuit court are entitled. *Where the county is responsible for such expenses in the circuit court,* the district control unit for the place where the trial occurs shall be responsible for such expenses in the district court." (Emphasis supplied.)

We affirm the trial court's holding that, because defendant county would not be responsible for witness and mileage fees for the municipalities' witnesses in circuit court, defendant county is not responsible for such fees in district court. We find the trial court's opinion extensive and well-reasoned, and we adopt most of it as our opinion:

"This matter is up on briefs for a declaratory judgment. With the advent of the District Court system emanating from the 1963 Michigan Constitution and initially provided for thereafter by the legislature in the Public Acts of 1968, Act 154, Paragraph 1, Greater Muskegon became a two district area comprised of District 59 and District 60. District 59 contained the City of Muskegon, City of Muskegon Heights and Township of Muskegon. District 60 contained the balance of

Muskegon County. District 59 was a District of the Third Class and District 60 was a District of the First Class. The District Courts so operated until a consolidation occurred wherein District 59 was absorbed by District 60, and there exists presently only District 60, a District of the First Class. Muskegon County is the single District Control Unit. The consolidation became effective April 1, 1973, by legislative enactment, PA 1972, 363 (MCLA 600.8129; MSA 27A.8129).

"The consolidation raised several problems of which the present controversy is herein litigated.

"On or about April 19, 1973, the Presiding District Judge by letter advised all City managers within the County that 'commencing May 1, 1973, all witness fees involving City, Village or Township ordinances shall be deducted from that Municipality's one-third share of the ordinance fines and costs, monthly.

" 'The cost of prosecution of ordinance cases should be borne by the respective municipalities initiating the case and not by the County of Muskegon.'

"The foregoing missive elicited the expected reaction, and thus was the fuse ignited which culminated in a complaint filed by the Plaintiffs requesting declaratory judgment.

"Plaintiffs' position sounds basically in MCLA 600.8323, * * * .

*          *          *

"And Plaintiffs further argue that since Muskegon County is a first class district comprised solely of Muskegon County, therefore, as such, it is the sole district control unit involved and is responsible for witness fees. The Plaintiffs further urge that witness fees are an integral part of maintenance, financing and operation of a District Court. See MCLA 600.8104(2) [MSA 27A.8104(2)]:

" '(2) *Except as otherwise provided in this act, a district control unit shall* be responsible for maintaining, financing and operating the * * * court *only* within * * * *its political subdivision.* In districts of the * * * 3rd class * * * *a political subdivision shall not be responsible for the expenses of maintaining, financing, or operating the district court, traffic bureau (office) or*

*small claims division incurred in any other* political subdivision * * * except as provided by *section 8621*[1] *and other provisions of this act.'*

"[fn][1] Expenses. When a judicial district consists of more than one district control unit, each unit must contribute to the expenses of the court. *Judges of the 74th Judicial District v Bay County,* 385 Mich 710; 190 NW2d 219 (1971).

"The Defendants adhere to a position that 'Ordinance violation expenses simply have never been the obligation of the county * * * .' Defendants cite MCLA 775.13 [MSA 28.1250] and 775.14 [MSA 28.1251] as controlling:

" 'Sec. 13. Whenever any person shall attend any court as a witness in behalf of the people of this state upon request of the public prosecutor, or upon a subpoena, or by virtue of any recognizance for that purpose, he shall be entitled to the following fees: For attending in a court of record, $12.00 for each day and $6.00 for each half day; for attending in a justice court or upon an examination, $10.00 for each day and $5.00 for each half day; and for traveling, at the rate of 10 cents per mile in going to and returning from the place of attendance, to be estimated from the residence of such witness if within the state; if without the state, from the boundary line which witness passed in going to attend the court.

" 'No peace officer shall receive any fee as a witness in behalf of the people of this state if he is on duty at the time he shall attend court, nor shall he receive compensation in going to the place of attendance unless he shall travel thereto at his own expense. As amended PA 1952 108, § 1, Eff. Sept. 18; PA 1955 67, § 1, Imd. Eff. May 24; PA 1963 132, § 1, Eff. Sept. 6; PA 1966 17, § 1, Eff. Jan. 1, 1967.

" 'Sec. 13a. Whenever any person shall attend any court, including justice or municipal court, as a witness in a criminal case upon request of the public prosecutor, city attorney, or defendant by virtue of any recognizance or subpoena for that purpose, whether at the trial of the case or any other proceedings in the case, to testify as an expert witness, he may be paid as compen-

sation for his services a sum in excess of the ordinary witness fees provided by law. The sum to be awarded shall be determined by the judge before whom the witness appears. PA 1927 175, c. XV, § 13a, added by PA 1966 148, § 1, Eff. March 10, 1967.

" 'Sec. 14. In Courts of record such witness shall prove his attendance and travel in open court before the clerk, and in justice courts before the justice, on the day of trial, or upon an examination, and a certificate thereof from the justice, countersigned by the prosecuting attorney of the county, shall authorize the county clerk to draw an order upon the county treasurer for the payment of the fees of such witnesses attending such justice court as aforesaid, which order shall be paid by the said county treasurer in like manner as witness fees in courts of record are paid, and an order therefor from the clerk of such court of record shall authorize the county treasurer to pay the fees of witnesses attending such court of record as aforesaid in the same manner as the fees of jurors attending such courts are paid.'

"The Attorney General has filed an Amicus Curiae brief wherein the basic thrust of his theory is 'violations of city ordinances are not considered to be criminal cases within the meaning of the term as used in the general laws of the State * * * ' and 'are (not) taken to be criminal in the full sense of the word'. Further, he urges that ordinance violations are 'quasi-criminal' in nature, citing selected out-state opinions. The Attorney General clearly admits that Michigan courts 'have never explicitly stated that Ordinance violations are quasi-criminal in nature'.

"I

*"THE ATTORNEY GENERAL'S THESIS THAT ORDINANCE VIOLATIONS ARE NOT CRIMES OR AT BEST QUASI-CRIMINAL.*

"From at least the time of Blackstone " 'Crime' and 'misdemeanor', properly speaking, are synonymous terms; though in common usage 'crime' is made to denote such offenses as are of a deeper and more atrocious dye. 4 Blackstone Comm. 5 * * * while smaller faults and omissions of less consequence are

called 'misdemeanors'. But the better use appears to make *crime* a term of broad general import, including both felonies and misdemeanors, and hence covering all infractions of criminal law * * * ." Black's Law Dictionary, Rev. 4th Ed. pp. 444–445.

"The classification and categorization of wrongful acts which may result in penal sanction (jail or prison or fines and costs) is the prerogative of the legislature—not the courts, albeit the original classifications may have originated at Common Law.

"The Michigan Legislature has classified crimes as either felonies or misdemeanors:

" 'MCLA 750.7 Felony

" 'Sec. 7. Felony—The term 'felony' when used in this act, shall be construed to mean an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison.'

" 'MCLA 750.8 Misdemeanor

" 'Sec. 8. Misdemeanor—When any act or omission, not a felony, is punishable according to law, by a fine, penalty or forfeiture, and imprisonment, or by such fine, penalty or forfeiture, or imprisonment, in the discretion of the court, such act or omission shall be deemed a misdemeanor.'

"In addition, the legislature had denominated some offenses as Circuit Court misdemeanors.

"The fact that the legislature has, through the Home Rule Act, Public Act 279 of 1909, as amended, delegated to some municipalities the authority to enact ordinances and consequent punishment for their violation, neither alters the nomenclature of the violation or the quality of the act which is prohibited. To say that a person convicted of DUIL under MCLA 257.625(a) or 257.625(c) [MSA 9.2325(a), 9.2325(c)] (first and second conviction) is guilty of a misdemeanor (a crime), but that a person convicted of DUIL under a municipal ordinance is guilty of an ordinance violation (not a crime), and therefore does not constitute a criminal offense or case, is clearly a distinction without a difference. The Court is unmoved by such artificial logic.

* * *

"III

*"PLAINTIFFS' RELIANCE UPON MCLA 600.8104(2); MSA 27A.8104(2)*

"MCLA 600.8104(2) states as follows:

" '600.8104(2). *Except as otherwise provided in this ACT, a district control unit shall be* responsible for maintaining, financing, and operating the \* \* \* court *only* within \* \* \* *its political subdivision.* In districts of the \* \* \* 3rd class \* \* \* *a political subdivision shall not be responsible for the expenses of maintaining, financing, or operating the district court, traffic bureau (office) or small claims division incurred in any other political subdivision* \* \* \* except as provided by section *8621 and other provisions of this act.* \* \* \* .'

"Plaintiffs argue that District 60 is a First Class District consisting of Muskegon County, and is a District Control Unit and is therefore responsible for payment of witness fees as a part of the maintenance, financing, and operation of the court.

"Clearly, then, the question becomes:

"IS THE DISTRICT CONTROL UNIT OF A FIRST CLASS DISTRICT UNDER A DUTY TO PAY WITNESS FEES FOR THE PROSECUTION OF MUNICIPAL ORDINANCE VIOLATIONS?

"Plaintiffs claim, Yes, and seek to support their position by citing *City of Birmingham v Oakland County,* [49 Mich App 299; 212 NW2d 51 (1973)]. The question laid down in *Birmingham* was:

" 'Is the county liable for witness fees and mileage allowances incurred in *preliminary exams* and in *state law violations trials* in District Courts of the *third class?'* (emphasis supplied)

"See page 302 of *Birmingham, supra.*

"The fact situation as underlined above does not here exist. We deal here with witness fees incurred in the prosecution of municipal ordinance violations in District Courts of the First Class. *Birmingham* answered the question in the affirmative, basing its conclusion on MCLA 775.13 [MSA 28.1250] and MCLA 775.14 [MSA 28.1251]:

\*   \*   \*

"The above statute, MCLA 775.13, expressly pertains

to * * * any person (who) shall attend *any court as a witness in behalf of the people of this state* (emphasis supplied) * * * .

"MCLA 775.14 recites * * * 'In courts of record * * * (note: District Court is * * * a court of record—see MCLA 600.8101) *such witnesses* (emphasis supplied) shall prove, * * * and in justice courts before the justices * * * .' To what does the phrase 'such witnesses' refer? Obviously to those witnesses in MCLA 775.13, as those who are witnesses *'in behalf of the people of * * * this state'.* The plaintiff in municipal ordinance violation is not the People of the State of Michigan—the plaintiff is the 'City of X'—The 'Township of Y', etc.

"It is further clear that the Code of Criminal Procedure (upon which the *City of Birmingham* case turns), and more particularly MCLA 775.13 and MCLA 775.14, does not provide for the payment of witness fees in the trial of a municipal ordinance violation in a District Court of the 1st Class.

"We then return to Plaintiffs' proposition that witness fees are included in maintaining, operating and financing the District Courts.

"The District Court is a forum—a place of jurisdiction; a place of litigation, a place where remedy is pursued. See Black's Law Dictionary, 4th Rev. Ed. It is a locus—it is a situs in the sense of a fixed place or location wherein litigation shall occur. The forum is created by statute and the expense of maintaining, operating and financing it is imposed by statute. Moreover, the court or the forum, in addition to the creation of a locus or situs, includes the retention and pay of a staff to operate it; rent or ownership of the real property; provision of the physical facilities and furnishings such as the bench, jury box, counsel tables, chairs, audience seating, heat, lights, office machinery and all that is necessary to afford litigants a place in which to fully prosecute and defend their suits, including furnishment and payment of jurors.

"And it is to this end and purpose that MCLA 600.8104(2) [MSA 27A.8104(2)] directs the District Con-

trol Units to undertake the 'maintaining, operating, and financing' of the court (forum).

"Witness fees are not a part of or included in the maintenance, operating or financing of a court. The court or forum per se is a passive element of the system. Theoretically, the District Control Unit might create the court, maintain it, operate it, and a case may never be tried in it, or a proceeding of any kind may never take place in it. Having created it, maintained, operated and financed it, the District Control Unit has acquitted its obligation under the statute. It is the litigants and their supporting cast (including their witnesses) who are the active participants in the pit. Witness fees are a part of the cost of litigation, not an element of maintaining, operating or financing the court, and it is the litigants who must initially pay their own costs—whether those costs of litigation, costs of prosecution, costs of defense, are ultimately recoverable depending upon result, is a matter determined by Statute or Court Rule.

"Since the municipality who seeks to enforce its ordinance or prosecute for violation of an ordinance is a litigant and is the named Plaintiff in the case, the municipality must pay the costs of its prosecution—not the impartial, neutral control unit who is not a party in interest in the matter litigated, but only the keeper and maintainer of the forum.

"It is therefore held that witness fees incurred in a prosecution to enforce municipal ordinances tried in a District Court of the First Class, are costs incidental to the litigation and must be paid, in this case, by the litigant plaintiff municipality."

The trial court also based its holding on a determination that RJA § 8323 does not apply to criminal cases. We note here that the recent Supreme Court case of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), held that the Revised Judicature Act (RJA), 1961 PA 236, MCLA 600.101 *et seq.;* MSA 27A.101 *et seq.,* gives the district courts limited criminal jurisdiction and that the provi-

sions of the RJA apply to such criminal cases. Further, nothing in the wording of RJA § 8323 indicates that it applies only to civil cases. This holding in no way affects the reasoning of or result reached by the trial court in the portions of its opinion we adopt here. Thus, in both civil and criminal cases, the municipality, as a litigant, is required by RJA § 8323 to pay witness and mileage fees.

As the trial court noted, just as the law provides for witness expenses in circuit court, MCLA 775.13; MSA 28.1250, the witness fees and mileage allowances for which the county is liable are those for witnesses appearing in behalf of the state, not those appearing in behalf of a municipality.

Affirmed. No costs, a public question being involved.