STATE *ex rel* WAYNE COUNTY PROSECUTOR v SAKSEY'S
LOUNGE, INC. (ON REMAND)

Opinion of the Court

1. Nuisance—Abatement—Taverns—Prostitution—Statutes.

   The public nuisance abatement statute applies to taverns wherein there occurs accosting and soliciting of individuals for purposes of prostitution (MCLA 600.3801; MSA 27A.3801).

2. Nuisance—Abatement—Lewdness—Prostitution—Statutes.

   The term lewdness in the public nuisance abatement statute is synonymous with the term prostitution (MCLA 600.3801; MSA 27A.3801).

3. Nuisance—Abatement—Purposes of Statute—Statutes.

   The purpose of the public nuisance abatement statute is the effective elimination, by statutory procedure, of the use of real or personal property in connection with gambling, prostitution, and illicit sale of liquor, etc. (MCLA 600.3801; MSA 27A.3801).

4. Nuisance—Abatement—Taverns—Conduits of Prostitution—Sexual Acts—Owner's Knowledge—Statutes.

   A tavern is a nuisance within the meaning of the public nuisance abatement statute where the tavern is used as a conduit of prostitution even though no sexual acts take place on the premises (MCLA 600.3801; MSA 27A.3801).

Dissent by R. E. Noble, J.

5. Nuisance—Abatement of Nuisance—Taverns—House of Prostitution—Case Precedent—Statutes.

   *The public nuisance abatement statute does not apply to a tavern, which is used by prostitutes for accosting and soliciting, where the tavern is not a house of prostitution (MCLA 600.3801; MSA 27A.3801).*

References for Points in Headnotes

[1, 2] 58 Am Jur 2d, Nuisances § 17.
[3] 58 Am Jur 2d, Nuisances § 112.
[4, 5] 58 Am Jur 2d, Nuisances § 49.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted January 8, 1976, at Detroit. (Docket No. 25103.) Decided October 19, 1976.

Complaint by the State of Michigan upon the relation of William L. Cahalan, Wayne County Prosecuting Attorney, against Saksey's Lounge, Inc., Irving Sacks, Samuel Gilbert, and others, for an order of abatement of a nuisance. Judgment for plaintiffs. Saksey's Lounge, Inc., Sacks, and Gilbert appealed. Affirmed. These defendants appealed to the Supreme Court, which vacated the opinion of the Court of Appeals and remanded for reconsideration, 397 Mich 831 (1976). On remand, affirmed.

*William L. Cahalan,* Prosecuting Attorney, and *F. Clifton Lind,* Assistant Prosecuting Attorney, for plaintiffs.

*Ivan E. Barris* and *Michael H. Golob,* for Saksey's Lounge, Inc., Irving Sacks, and Samuel Gilbert.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

## ON REMAND

J. H. GILLIS, P. J. On December 17, 1974, the Wayne County Circuit Court entered an order abating a nuisance by closing appellants' bar in the City of Detroit. The trial court found that the bar was being used by prostitutes for accosting and soliciting, and that appellants had knowledge of such use. Dozens of arrests for accosting and soliciting had occurred at appellants' establishment. Appellants stated that they tried to prevent the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

illegal activity, but were virtually powerless to do so.

The pertinent part of the statute (hereinafter referred to as the Abatement Act) upon which the circuit court based its action provides:

"Any building * * * or place used for the purpose of lewdness, assignation or prostitution * * * or used by, or kept for the use of prostitutes or other disorderly persons, * * * is hereby declared a nuisance, and * * * shall be enjoined and abated as hereinafter provided, and as provided in the court rules." MCLA 600.3801; MSA 27A.3801.

This Court in an unpublished memorandum opinion (Docket #25103, February 2, 1976), affirmed the circuit court on the basis of *State ex rel Wayne County Prosecuting Attorney v Bernstein,* 57 Mich App 204; 226 NW2d 56 (1974). After its decision in *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244; 240 NW2d 460 (1976), the Supreme Court, pursuant to GCR 1963, 853.2(4), remanded this case for reconsideration in light of the *Diversified* case.

The question thus becomes: Does Michigan's Abatement Act apply to taverns wherein there occurs accosting and soliciting of individuals for purposes of prostitution?

We hold that the act applies to such activity and find *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp, supra,* distinguishable.

Judge NOBLE's dissenting opinion places its reliance upon the following language found in the *Diversified* case:

"We are in accord with decisions applying these abatement statutes only to houses of prostitution." 396 Mich 244, 250.

We feel that a close examination of the entire *Diversified* opinion indicates that the Court interpreted only that portion of the act which refers to places "used for the purpose of lewdness, assignation or prostitution". The Court did not interpret the remainder of the statute which provides that "any building * * * used by, or kept for the use of prostitutes * * * is hereby declared a nuisance * * * ".

*Diversified* involved the question of whether the Michigan Abatement Act applies to motion picture theatres. In holding that the Abatement Act does so apply, a panel of our Court defined lewd as being synonymous with obscene and therefore reasoned that an obscene film is a nuisance. *State ex rel Wayne Prosecutor v Diversified Theatrical Corp,* 59 Mich App 223; 229 NW2d 389 (1975). Our Supreme Court reversed, and in essence concluded that lewdness is synonymous with prostitution. *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp, supra,* 396 Mich at 248–250.

Within the *Diversified* opinion, the Supreme Court reiterated the following language from *People ex rel Wayne Prosecuting Attorney v Sill,* 310 Mich 570, 575; 17 NW2d 756 (1945):

"The purpose of Act No. 389, Public Acts 1925, is to eliminate effectively, by statutory procedure, the use of property, real or personal, in connection with gambling, prostitution, and illicit sale of liquor, et cetera." 396 Mich 244, 248.

The defendant in the *Sill* case was convicted of violating the state gambling laws. Subsequently, due to the fact that within the defendant's automobile were mutuel bet slips and money used in gambling, it was determined that the automobile was a nuisance. The Court in upholding the decision stated:

"The use of automobiles as essential tools in this type of gambling is generally recognized." *People ex rel Wayne Prosecuting Attorney v Sill, supra,* at 575, see also *State of Michigan ex rel Wayne Prosecuting Attorney v Moceri,* 47 Mich App 116; 209 NW2d 263 (1973).

There was no evidence that gambling took place in the automobile itself, only that the automobile was a conduit of the illegal activity. Similarly, in the instant case, although there is no evidence that sexual acts took place on appellants' premises, the premises undeniably were used as a conduit of prostitution. By way of contrast, the showing of motion pictures is not in furtherance of illegal conduct. Accordingly, we find that appellants' tavern was being used by prostitutes for an illegal purpose with appellants' knowledge, and therefore was a nuisance within the meaning of the Abatement Act. We feel that such an interpretation is consistent with *Diversified,* and within the spirit of *Sills* and the statute itself.

Affirmed. No costs, a public question being involved.

Quinn, J., concurred.

R. E. Noble, J. *(dissenting).* The opinion of Judge Gillis states accurately and concisely the facts and the basis of my dissent in this case.

While the language quoted by the majority from *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244; 204 NW2d 460 (1976), is dictum as applied to this case, inasmuch as that case involved a movie theatre and the showing of obscene films rather than accosting and soliciting by prostitutes in a bar, the holding constitutes a reasonable and necessary limitation upon overly broad statutory provisions, and is equally applicable to the facts in this case.

In the disjunctive, as the abatement statute is written, it states among other things:

"Any building * * * or place * * * used by * * * prostitutes or other disorderly persons * * * is hereby declared a nuisance and * * * shall be enjoined and abated * * * ." MCLA 600.3801; MSA 27A.3801.

This language begs for judicial interpretation. The Supreme Court, in the *Diversified* case, *supra,* has supplied a reasonable interpretation consistent with constitutional limitations.

The appellants' bar was not a house of prostitution.

I would reverse.