STATE *ex rel* WAYNE COUNTY PROSECUTOR v RICHMOND

OPINION OF THE COURT

1. NUISANCE—OBSCENITY—MOTION PICTURES—ABATEMENT—STATUTES.

    The nuisance abatement statute can not be applied to motion
    picture theaters that show films found to be obscene under
    state and Federal guidelines (MCLA 600.3801; MSA 27A.3801).

2. PROSTITUTION—DISORDERLY HOUSE—ASSIGNATION—ACCOSTING AND
    SOLICITING.

    Acts of accosting and soliciting can not be equated with the
    statutory meaning of assignation; the occurrence of a number
    of acts of accosting and soliciting in a building do not render
    that building a house of prostitution.

3. NUISANCE—PROSTITUTION—DISORDERLY HOUSE—TAVERNS OR BUILD-
    INGS—ABATEMENT—STATUTES.

    The nuisance abatement statute applies to houses of prostitution
    and not to taverns or buildings in which only accosting or
    soliciting occurs; if a building is not a house of prostitution it
    may not be closed under the nuisance abatement act (MCLA
    600.3801; MSA 27A.3801).

DISSENT BY QUINN, J.

4. PROSTITUTION—OBSCENITY—MOTION PICTURES—ASSIGNATION—IN-
    TERPRETATION OF WORDS.

    *A case involving a bar and solicitation of prostitution differs from*
    *an action against a theater showing obscene movies where the*

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 26.
    58 Am Jur 2d, Nuisances §§ 17, 71.
    Exhibition of obscene motion pictures as nuisance. 50 ALR3d 969.
[2] 24 Am Jur 2d, Disorderly Houses §§ 7–9.
[3] 24 Am Jur 2d, Disorderly Houses § 43.
[4] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 9, 26.
[5] 73 Am Jur 2d, Statutes § 194.
[6] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 1.
[7] 73 Am Jur 2d, Statutes § 142.

*theater case involves no charges of assignation or prostitution and no reason to interpret these words.*

5. STATUTES—INTERPRETATIONS—PRECEDENTS—WORDS AND PHRASES—CONSTRUCTION.

*Interpretation is unnecessary where the language of a statute is plain, certain and unambiguous, but if interpretation is necessary a court is restricted by statute and its own precedents unless it chooses to reverse those precedents; in the interpretation of a statute all words and phrases shall be construed and understood according to the common and approved usage of the language (MCLA 8.3, 8.3a; MSA 2.212, 2.212[1]).*

6. STATUTES—PROSTITUTION—LEWDNESS—ASSIGNATION—ABATEMENT—ACCOSTING AND SOLICITING—WORD USAGE.

*The terms lewdness, assignation or prostitution in the nuisance abatement statute are used in the disjunctive and are not synonymous; application of the rule that every word in a statute should be given meaning and no word treated as surplusage or rendered nugatory if at all possible leads to a determination that acts of accosting and soliciting for purposes of prostitution are actionable as violations of the nuisance abatement act (MCLA 600.3801; MSA 27A.3801).*

7. STATUTES—MORAL QUESTIONS—DRINKING, GAMBLING AND SEX—UNNECESSARY AND UNWARRANTED INTERPRETATION.

*Statutes which attempt to legislate against the moral questions of drinking, gambling and sex should not be emasculated by the courts through unnecessary and unwarranted interpretation.*

Appeal from Wayne, James Montante, J. Submitted May 13, 1977, at Detroit. (Docket No. 29110.) Decided July 19, 1977. Leave to appeal applied for.

Complaint by the State of Michigan upon the relation of William L. Cahalan, Wayne County Prosecuting Attorney, against George Richmond and Evelyn Richmond as owners of the Willis Show Bar for an order of abatement of a nuisance. Defendants' motion for summary judgment denied. Defendants appeal by leave granted. Reversed.

*William L. Cahalan,* Prosecuting Attorney, and

*Charles H. Seller,* Assistant Prosecuting Attorney, for plaintiff.

*Norman L. Zemke* and *Norman H. Tendler,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

BASHARA, P. J. Defendants appeal from an order denying their motion for summary judgment. The action was brought by the Wayne County Prosecutor under MCLA 600.3801; MSA 27A.3801, to close defendant's establishment, the Willis Show Bar, as a nuisance.

For purposes of considering summary judgment it must be taken as true that acts of accosting and soliciting occur in the tavern. However, it is also admitted by the prosecutor that no acts of sexual intercourse are alleged to occur therein.

The relevant portion of MCLA 600.3801; MSA 27A.3801 is as follows:

"Any building, vehicle, boat, aircraft or place used for the purpose of lewdness, assignation or prostitution or gambling or used by, or kept for the use of prostitutes * * * is hereby declared a nuisance * * * . Any person, or his servant, agent or employee who shall own, lease, conduct or maintain any building, vehicle or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance. P.A. 1961, No. 236 § 3801, Eff. Jan. 1, 1963."

Lengthy philosophical arguments are not required to resolve this case. Recently, the Michigan Supreme Court, in *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244; 240 NW2d 460 (1976), ruled that the abatement

statute could not be applied to motion picture theaters that show films found to be obscene under state and Federal guidelines. Justice LEVIN, speaking for a unanimous Court, added the following in connection with its conclusion:

"We are in accord with decisions applying these abatement statutes only to houses of prostitution. The meaning of the words 'lewdness, assignation or prostitution' is clear in light of the history and purpose of these statutes and that meaning cannot properly be expanded by judicial construction." (Footnotes omitted.) 396 Mich at 250.

Subsequently, this Court has passed on two cases almost exactly similar to the present dispute. In *State ex rel Wayne County Prosecutor v Saksey's Lounge, Inc,* 71 Mich App 724; 249 NW2d 156 (1976), the Court distinguished the holding in *Diversified.* The majority there ruled that because appellant's tavern was being used by prostitutes for an illegal purpose with appellant's knowledge, the abatement act applied. The dissent in *Saksey's* succinctly stated the author's views:[1]

"This language [quoting the statute] begs for judicial interpretation. The Supreme Court, in the *Diversified* case, *supra,* has supplied a reasonable interpretation consistent with constitutional limitations.

"The appellants' bar was not a house of prostitution." 71 Mich App at 729.

The most recent, and in our opinion, compelling decision of this Court is *State ex rel Cahalan v Levenburg and Anderson's Gardens Inc,* 75 Mich App 90; 254 NW2d 797 (1977). The facts were almost identical to *Saksey's* and those of the instant case.

---

[1] Judge R. E. NOBLE, Circuit Judge, sitting on the Court of Appeals by assignment.

The panel based its opinion almost entirely on the holding in *Diversified*. It found, from the *Diversified* opinion, that the statutory term "assignation" must be read as being synonymous with "prostitution". The Court concluded that:

"In view of *Diversified,* however, acts of accosting and soliciting cannot be equated with the statutory meaning of assignation. The occurrence of a number of acts of accosting and soliciting in a building does not render that building a house of prostitution."

We find that the Willis Show Bar is not a house of prostitution. It may not be closed under the authority of the abatement act herein cited.

Reversed.

BEASLEY, J., concurred.

QUINN, J. *(dissenting).* It would appear to be a foregone conclusion that I would dissent, since I signed the majority opinion in *State ex rel Wayne County Prosecutor v Saksey's Lounge, Inc,* 71 Mich App 724; 249 NW2d 156 (1976). However, there are several basic reasons why I do not believe that *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244; 240 NW2d 460 (1976), controls this case of *Richmond.*

The factual difference is clear. *Diversified* involved a theater showing obscene movies. It involved no charges of assignation or prostitution, so there was no occasion to interpret those two words. The only statutory term involved in *Diversified* was "lewdness". *Richmond* involves a bar and solicitation of prostitution. The latter act does fall within the meaning of assignation (defined later). The language of *Diversified* relied on by the majority is dicta which I refuse to follow. If and

when the Supreme Court applies the *Diversified*
reasoning to a situation similar to that presented
by this case and *Saksey,* I shall follow it.

If *Diversified* is held to govern this case and
*Saksey,* the *Diversified* opinion violates several
cardinal rules of statutory construction.

1. No interpretation is necessary where the lan-
guage is plain, certain and unambiguous, *Dussia v
Monroe County Employees Retirement System,*
386 Mich 244; 191 NW2d 307 (1971). I find nothing
obscure, uncertain or ambiguous in the language
of MCLA 600.3801; MSA 27A.3801. The applica-
tion of that language to the facts of *Diversified*
was all that was required in that case without any
interpretation of the term "assignation or prostitu-
tion".

2. If interpretation is necessary, a court is re-
stricted by statute, (see MCLA 8.3; MSA 2.212),
and its own precedents, unless it chooses to re-
verse those precedents. MCLA 8.3a; MSA 2.212(1)
pertinently provides: "All words and phrases shall
be construed and understood according to the com-
mon and approved usage of the language."

Webster's Third New International Dictionary
(1964) defines the terms "lewdness, assignation or
prostitution" in the sense that those terms are
used in the statute as follows:

(a) Lewdness: the quality or state of being lewd
which is defined as sexually unchaste or licentious.

(b) Assignation: an appointment of time and
place for a meeting especially for illicit sexual
relations.

(c) Prostitution: the act or practice of indulging
in promiscuous sexual relations especially for pay-
ment.

"Lewdness, assignation or prostitution" are used
in the disjunctive. It is apparent from their defini-

tions that these terms are not synonymous. In *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), the Supreme Court reaffirmed the well established principle of statutory construction:

"Every word should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible."

This principle is violated if *Diversified* is accepted as controlling precedent in *Richmond.*

While I have never believed that the moral questions of drinking, gambling and sex can be legislated out of existence, so long as we have statutes which attempt to do so, it is not the prerogative of the courts to emasculate those statutes by unnecessary and unwarranted interpretation.

I vote to affirm.